# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEONARD WAYNE TAYLOR,<br><br>      Plaintiff,<br><br>v.<br><br>KENOSHA COUNTY JAIL, DAVID BETH, TIM HANEY, and DANIEL LAHARE,<br><br>      Defendants. | Case No. 19-CV-1778-JPS<br><br>**ORDER** |

  Plaintiff Leonard Wayne Taylor, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that the above-captioned defendants violated his constitutional rights when they failed to protect him from another violent inmate. (Docket #1). This case comes before the Court on Plaintiff's motion for leave to proceed in forma pauperis. (Docket #2). The Court waived payment of Plaintiff's initial partial filing fee. (Docket #7). Plaintiff has filed a motion to appoint counsel, (Docket #6), which will be denied without prejudice in light of the Court's prerogative to wait until the close of discovery to appoint counsel, if warranted. Should Plaintiff resubmit a motion to appoint counsel, he must (1) provide evidence that he has made good faith efforts to secure counsel on his own; and (2) demonstrate that the case is so legally or factually complex that it is beyond Plaintiff's ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a

governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

When considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on October 16, 2019, while housed at the Kenosha County Detention Center ("KCDC"), he got into a fight with Stephon Currie ("Currie"), another inmate at KCDC. During the fight, Currie broke Plaintiff's nose. Plaintiff was immediately taken to the hospital for an X-ray, and released later that evening.

Upon return to KCDC, Plaintiff was put in solitary confinement for thirteen days and lost all privileges. Plaintiff was released from solitary

Page 3 of 9
Case 2:19-cv-01778-JPS    Filed 07/06/20    Page 3 of 9    Document 8

confinement on the evening of October 29, 2019. Officer Daniel Lahare ("Lahare") housed Plaintiff in a cell with Currie as his cell mate.

Plaintiff alleges that it was wholly improper for him to be housed with Currie. First, he claims that KCDC had issued a "keep separate" order after their fight, which required that Plaintiff and Currie be kept apart from each other. Second, Plaintiff alleges that there was a court order requiring that Currie stay away from Plaintiff.

Plaintiff did not want to publicly insist to the staff that they move him, for fear that Currie would hurt him again. At 9:00 p.m. on October 29, he called his mother and asked her to call the jail and explain that Plaintiff was wrongly, and dangerously, housed with Currie in contravention of the "keep separate" order. At 9:30 p.m., Plaintiff and Currie had another fight in their cell. KCDC staff broke up the fight and returned Plaintiff back to solitary confinement, mere hours after releasing him.

Shortly thereafter, Corporal Tim Haney ("Haney") came to solitary confinement to speak with Plaintiff. Haney told Plaintiff that if he stopped being antagonistic ("le[f]t it alone"), then Haney would release him from solitary confinement. Plaintiff explains that he "didn't want to go against. . .Haney['s] words because I was scared he will use his power against me." (Docket #1 at 5). The Court takes this to mean that Plaintiff did not try to clarify that he had not instigated the fight. Plaintiff seeks monetary damages and asks defendants to "fix their policy," suggesting that he believes there is a policy of ignoring "keep separate" orders when housing inmates. *Id.* at 6.

The Fourteenth Amendment applies to pre-trial detainees and "impose[s] upon prison officials a duty to protect inmates from violent assaults at the hands of fellow prisoners." *Klebanowski v. Sheahan*, 540 F.3d

633, 637 (7th Cir. 2008) (noting that both Eighth and Fourteenth Amendments offer this protection). After the Supreme Court made clear in *Kingsley v. Hendrickson* that the Fourteenth Amendment's objective reasonableness standard governs claims brought by pre-trial detainees, courts in this circuit have interpreted a pretrial detainee's failure to protect claim to require "that a defendant acted purposefully, knowingly, or recklessly regarding [the] risk of assault, and that their conduct was objectively unreasonable." *Gosser v. McCorkle*, Case No. 17-CV-3257, 2020 WL 1244470, at *7 (S.D. Ind. Mar. 16, 2020); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Plaintiff has sufficiently alleged that Lahare failed to protect him when Lahare disregarded a "keep separate" order and returned Plaintiff to a shared cell with Currie, his assailant. However, Plaintiff does not allege that Haney was similarly liable for failure to protect—there are no allegations that, after speaking with Plaintiff, Haney returned Plaintiff to the shared cell with Currie. Therefore, Haney will be dismissed from the action.

Plaintiff also names Sheriff David Beth ("Beth") and KCDC as defendants. Generally, only individuals who are personally involved with the constitutional violation can be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.* 327 F.3d 588, 594 (7th Cir. 2003)). In some circumstances, plaintiffs can sue municipalities for constitutional violations under Section 1983 if the violation is brought about by (1) an express policy; (2) a widespread custom or practice; or (3) a decision by an agent with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978); *Darchak v. City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009). This type of claim is called a *Monell* claim.

Plaintiff has not alleged that his mistreatment was the result of an express policy or a decision made by an agent with final policymaking authority. The Court infers that when Plaintiff refers to a "policy" of violating "keep separate" orders, he is speaking about a custom or practice. In order to proceed on this type of *Monell* claim, Plaintiff must allege facts suggesting that the custom or practice was so widespread that the municipality would have been on notice of the constitutional violations and willfully ignored them. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) ("If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer that there is a policy at work."). However, Plaintiff has not offered any facts to suggest that this was a widespread custom or practice such that KCDC's knowledge of the practice and willful disregard of it can be inferred—indeed, he has not even alleged that this happened to anybody but himself.

Plaintiff has not alleged Beth's personal involvement in this case, and he has not alleged facts suggesting that a widespread custom or practice of ignoring "keep separate" orders existed at KCDC such that the institution could be liable under *Monell* for a constitutional violation. Therefore, Beth and KCDC will be dismissed from the action.

Plaintiff will be permitted to proceed on a Fourteenth Amendment claim against Lahare for his failure to protect Plaintiff from harm. The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Page 6 of 9
Case 2:19-cv-01778-JPS    Filed 07/06/20    Page 6 of 9    Document 8

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #6) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that defendants Tim Haney, Kenosha County Jail, and David Beth be and the same are hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that defendant Daniel Lahare shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge