**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LEONARD WAYNE TAYLOR,**

**Plaintiff,**

**v.** **Case No. 19-CV-1778**

**DANIEL LAHARE,**

**Defendant.**

---

## DECISION AND ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

---

Plaintiff Leonard Wayne Taylor, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Taylor was allowed to proceed on a Fourteenth Amendment claim against defendant Daniel Lahare for violating a keep separate order.

The parties filed cross-motions for summary judgment. (ECF Nos. 76, 86.) For the reasons stated below, the court denies Taylor's motion for summary judgment and grants Lahare's motion for summary judgment.[1]

## PRELIMINARY MATTERS

In his reply brief, Lahare argues that because Taylor did not follow Federal Rule of Civil Procedure 56 and Civil Local Rule 56, the court should deem Lahare's proposed findings of fact as unopposed and grant summary judgment in his favor. (ECF No. 106 at 2-3.) District courts are entitled to construe *pro se* submissions leniently and may overlook a plaintiff's noncompliance by construing the limited evidence in a light most favorable to the

---

[1] The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 17.)

plaintiff. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). While Taylor's proposed findings of fact do not formally conform with the rules, his materials in support of his motion and his response materials contain sufficient facts, allowing the court to rule on the summary judgment motions. Taylor also invokes 28 U.S.C. § 1746 in his complaint, which is enough to convert the complaint into an affidavit for the purposes of summary judgment. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011). As such, the court will consider the information contained in Taylor's submissions where appropriate in deciding Lahare's motion.

## FACTS

At all times relevant, Taylor was a pretrial detainee at the Kenosha County Pretrial Facility.[2] (ECF No. 88, ¶ 1.) Officer Lahare was a correctional officer at the Kenosha County Jail. (*Id.* ¶ 3.) In the evening of October 16, 2019, Taylor was involved in a fight with another inmate, Currie, which resulted in Taylor having his nose broken. (*Id.* ¶ 4.) Taylor was taken to the hospital to receive medical attention. (ECF No. 78, ¶ 4.) Both Taylor and Currie were disciplined for fighting; Currie received six days of disciplinary confinement and Taylor received thirteen days of disciplinary confinement. (ECF No. 88, ¶¶ 5-6.) A keep separate order was also put in place, which served to notify staff that Taylor and Currie should be kept away from each other. (ECF No. 78, ¶¶ 6-7.)

On October 29, 2019, Taylor was released from disciplinary confinement. (ECF No. 88, ¶ 8.) At approximately 6:35 p.m., Officer Lahare, who was working as a Field Training Officer, and another officer, presumably Lahare's trainee, who is unnamed in the record,

[2] The Kenosha County Pretrial Facility appears to be comprised of both the Kenosha County Jail and the Kenosha County Detention Center, and Taylor stayed at both at various times. (ECF No. 95, ¶¶ 1-2.)

escorted Taylor from disciplinary confinement to the A Block housing unit, which was Taylor's new housing assignment. (*Id.* ¶¶ 7-9.) It is undisputed that Lahare walked Taylor to the entrance of A Block but did not go in. (ECF No. 102, ¶ 11.) Taylor walked into the A Block dayroom area, and Lahare left. (*Id.* ¶¶ 11-12.) Lahare did not have any more contact with Taylor for the remainder of the day. (*Id.* ¶ 12.) It is not clear from the record that Lahare had any control or say over Taylor's housing assignment.

Upon entering the dayroom, Taylor did not see Currie. (ECF No. 102, ¶ 11.) It was not until Taylor found his new cell that he realized Currie was his new cellmate. (*Id.*) It is undisputed that at approximately 9:01 p.m., Taylor telephoned his mother and told her that he was cellmates with Currie, with whom he had a fight with a few weeks prior. (*Id.* ¶ 25.) Then, shortly before 10:50 p.m., Taylor and Currie had a verbal argument that included some "minimal pushing." (*Id.* ¶ 17.) The encounter was quickly broken up by unnamed staff members, and Taylor was immediately moved to the D Block housing unit. (*Id.* ¶¶ 18-19.) Taylor was not injured as a result of this encounter. (*Id.* ¶¶ 29-30.)

Lahare asserts that he had no idea that Currie was housed in A Block when he transported Taylor to A Block, and he thought Currie was housed in E Block. (ECF No. 88, ¶ 13.) Lahare also did not see Currie when he escorted Taylor to A Block. (*Id.*) Lahare notes that Taylor did not notify any A Block staff that he was inappropriately housed with Currie in violation of a keep separate order, including Officer Boston (non-defendant) who was tasked with performing security rounds that night. (*Id.* ¶¶ 21-23.)

Taylor disputes this saying "he actually did in fact report this to Officer Boston," so Boston was "indeed informed that Taylor needed to be moved out of A-Block to D-Block [but] Officer [Boston] just refused to act on such request." (ECF No. 102, ¶ 26.) Taylor also

explains that once he realized he was cellmates with Currie, he "froze and could not move or actually speak, let alone go and inform anyone that he could not be around this Inmate, as Taylor was already traumatized by the fact that this inmate had already broken his nose, and was awaiting surgery to fix his injured/broken nose." (*Id.* ¶ 24.) Taylor further asserts that Lahare was aware that Taylor had previously been in a fight with Currie. (*Id.* ¶ 6.) When escorting Taylor to A Block, according to policy, Lahare should have checked to see if there was a keep separate order in place and made sure that if there was one, Taylor's cell assignment did not violate the keep separate order. (*Id.*) According to Taylor, if Lahare would have looked up his cell placement on the computer like he was supposed to, he would have been notified in red bold letters that Taylor had a keep separate order from Currie. (ECF No. 101 at 7.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the

nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**ANALYSIS**

Taylor claims that Lahare violated his Fourteenth Amendment rights by taking him to A Block, which also housed Currie, even though there was a keep separate order in place. Under the Fourteenth Amendment, pretrial detainees are entitled to be free from conditions that amount to punishment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Claims such as Taylor's are governed by an objective reasonableness standard. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (holding that all types of conditions of confinement claims from pretrial detainees should be examined under the objective reasonableness standard outlined in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). Taylor's claim amounts to a failure-to-protect claim, and the Seventh Circuit Court of Appeals has yet to expressly outline how to apply *Kingsley*'s objective reasonableness standard in those circumstances. However, in *Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018), the Seventh Circuit favorably discussed a failure-to-protect case from the Ninth Circuit Court of Appeals, *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), which outlined factors to

determine whether an officer's actions were objectively unreasonable in failure-to-protect cases. The *Castro* court identified four prongs: "(1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; . . ." (3) the officer "did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; [and] (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Castro*, 833 F.3d at 1071.

Taking the facts in a light most favorable to Taylor, Taylor fails to establish that Lahare knew of a substantial risk of serious harm to Taylor because Taylor fails to establish that Lahare knew Currie was on A Block at the time Lahare escorted him to A Block. There is no factual dispute that Lahare did not see Currie on A Block. Taylor also presents no evidence establishing that Lahare, because of his position, would have known Currie was on A Block, such as evidence demonstrating that Lahare was in charge of housing assignments. The record merely establishes that on the day in question, Lahare was tasked with moving Taylor from the disciplinary unit to A Block. There is no evidence that he was involved with placement decisions.

Taylor argues that had Lahare followed policy, he would have seen that there was a keep separate order and made sure that Currie was not in A Block before escorting him, and that his failure to do so was a constitutional violation. However, even assuming that such a policy exists, and Taylor has provided no evidence of that policy, § 1983 does not protect "violations of state laws, or . . . departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Also, Lahare's failure to check for a keep separate order or confirm

Currie's cell placement prior to escorting Taylor, at best, would amount to negligence. Under an objective reasonableness standard, negligence is insufficient to establish liability. *Miranda*, 900 F.3d at 353-354 (A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard.") In short, there is nothing in the record to suggest that Lahare knew about a substantial risk and then unreasonably failed to act.

Lahare also argues that Taylor did not sustain any injuries. A lack of physical injury does not necessarily doom a claim because "the mere probability of the harm . . . can be sufficient to create liability." *Wright v. Miller*, 561 F. App'x. 551, 555 (7th Cir. 2014). But where a plaintiff does not suffer a physical injury, only nominal or punitive damages are likely available to him. *See* 42 U.S.C. § 1997e(e); *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003).

Finally, there is a question of fact as to whether Taylor informed Officer Boston that Currie was his cellmate in violation of the keep separate order during one of the security rounds. But this question is immaterial because Boston is not a defendant, nor is there anything in the record indicating that Lahare could somehow be liable for Boston's actions.

While it is unfortunate that this incident occurred, because Lahare was not objectively unreasonable in escorting Taylor to A Block, summary judgment is granted in his favor, and Taylor's motion for summary judgment is denied. The case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Lahare's motion for summary judgment (ECF No. 86) is **GRANTED.**

**IT IS FURTHER ORDERED** that Taylor's motion for summary judgment (ECF No. 76) is **DENIED**.

**IT IS FURTHER ORDERDED** that the case is **DISMISSED.** The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 14th day of September, 2022.

BY THE COURT:

____________________________

NANCY JOSEPH
United States Magistrate Judge